Zimmerman, J.,
 

 concurring. I agree with the position taken by Judge Bettman in his opinion that the contract entered into by the two railroad companies, the state Director of Highways and the city of Bellevue did not inure to the benefit of those whose property was adversely affected by the grade crossing elimination, but who were not entitled to damages under the law, or more specifically under the decision of this court in
 
 N. Y., C. & St. L. Rd. Co.
 
 v.
 
 Bucsi, supra.
 

 I did not concur in the
 
 Bucsi case,
 
 believing it promulgated a rule unjust in its operation. My preference is for the more liberal holdings that where, by the closing of a street, property is left in a
 
 cul-de-sac,
 
 without access to the general system of streets in that direction, thereby reducing the value of the property, the owner sustains damage different in kind from that of the general public and should be compensated for his loss. 49 A. L. R., 351, annotation; 93 A. L. R., 642, annotation.
 

 
 *286
 
 However, the
 
 Bucsi case,
 
 supported by respectable authority, represents the established law of Ohio and affords a perfect example for the application of the doctrine of
 
 stare decisis
 
 which still exists if somewhat battered.
 

 Moreover, counsel for the appellants accepted the law announced by the
 
 Bucsi case
 
 and directed their argument almost entirely to the right of their clients to damages under the wording of the contract referred to.
 

 I am therefore concurring in the judgment and syllabus of the present ease.
 

 Hart, J., concurs in the foregoing concurring opinion.